# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RODERICK JOHNSON,

    Plaintiff,

    v.

DENISE MORGAN,
SPENCER HARE,
LT. EDWARD C. BLAKE,
CAPTAIN BERNS,
OFFICER HOLLIS,
LT. JASON DERR,

    Defendants.[1]

Civil Action No.: CCB-19-3035

## MEMORANDUM

The court has received the response to show cause filed by counsel for the Department of Public Safety and Correctional Services ("DPSCS") as well as plaintiff Roderick Johnson's supplemental complaint and motion to proceed in forma pauperis. (*See* ECF 7 (response to show cause); ECF 9 (supplemental complaint with motion)). Upon consideration of the materials filed by counsel and for the reasons stated below, Johnson's request for injunctive relief will be granted in part and denied in part.

Johnson's original complaint raises a claim that despite the fact that he had been victimized by the security threat group ("STG") Black Guerilla Family ("BGF"), he was nevertheless assigned to a cell in an area of Housing Unit 2 ("HU#2") at Eastern Correctional Institution ("ECI") designated for members of the BGF. (ECF 1). In response to this court's order to show cause (ECF 2), a declaration from Lt. Jason Derr establishes that: (1) inmates who are validated BGF gang members "are now centrally housed in HU #2 rows"; (2) it is the duty of the housing unit

---

[1] Johnson's complaint names as defendants only Denise Morgan and Spencer Hare, (ECF 1), but in his supplement, Johnson adds as defendants Lt. Blake, Captain Berns, Officer Hollis, and Lt. Derr, (ECF 9).

manager "to screen and designate inmate cell assignments"; (3) "[i]nmates who are validated as the same gang affiliation are not otherwise considered threats to one another"; and (4) Johnson was housed in HU#2 with members of the BGF prior to receipt of his October 2, 2019, administrative remedy procedure ("ARP") complaint. (ECF 7-1). Lt. Derr adds that prior to the relocation of validated gang members onto HU#2, BGF members were assigned to general population where Johnson was also assigned. (*Id.*). According to Lt. Derr, Johnson's ARP complaint was the first notice he received regarding any concerns about Johnson's safety in HU#2. (*Id.*; *see also* ECF 7-2 at 6–10 (ARP)). In response to that ARP, Johnson was ostensibly moved to HU#3, where there are no validated members of STGs. (*See* ECF 7-2 at 9–10; ECF 7-1).

Also submitted with the response is a declaration by Lt. Edward C. Blake who is in the Intelligence and Investigative Division and assigned to ECI's Intelligence Unit. (ECF 7-2 at 1). Lt. Blake states that Johnson's BGF gang affiliation status was changed to inactive on November 6, 2019. (*Id.* ¶ 3; *see also* ECF 7-2 at 5). Lt. Blake's declaration includes attached records of Johnson's housing assignments up to and including September 26, 2019, which reflect that Johnson was, as of September 26, 2019, assigned to "HU2_B_019_B." (ECF 7-2 at 2). There is nothing in the housing records that supports Lt. Derr's assertion that Johnson was reassigned to HU#3.

According to Johnson, he remains in the same housing unit despite being told he would be moved to a different housing unit if he withdrew his October 2, 2019, ARP. He states he was moved from "the row" with BGF members, but is still in HU#2. (ECF 9 at 4–5). Further, Johnson asserts that Lt. Blake was aware of the danger posed to him if he was housed with BGF members as early as November 2016, when Johnson explained what had occurred at Roxbury Correctional Institution regarding the BGF. Johnson explains that in response to that explanation, Lt. Blake

2

moved him off of the "BGF row" in November 2016. (*Id.* at 3). He was later returned to the BGF row after he was suspected of assaulting another inmate and, according to Johnson, this was done as a punishment because the intelligence unit did not believe he left the group. Johnson reiterates that what he is asking for is to have his BGF "flag" removed and to be moved off the "BGF row." (*Id.* at 5).

"A preliminary injunction is an extraordinary and drastic remedy." *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008) (citation and quotation marks omitted). A party seeking a preliminary injunction or temporary restraining order must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) that the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To establish irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation and quotation marks omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only in extraordinary circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

The response to the order to show cause seemingly acknowledges that Johnson's concerns regarding his safety are legitimate; however, there appears to be conflicting information regarding where Johnson is currently housed. While there is a declaration stating that Johnson was moved to a different housing unit, the records submitted do not confirm that move, and Johnson asserts he is still in the housing unit he was in when he filed this complaint. Given this conflicting information, the court will require counsel for DPSCS to provide an updated response addressing: (1) Johnson's current housing assignment; and (2) providing an explanation of the conflicting

3

information as outlined herein. If Johnson's move to HU#3, as averred in the supporting declaration of Lt. Derr, has not taken place, Johnson's request for injunctive relief will be granted and counsel will be directed to ensure that Johnson is transferred to a housing unit that is not designated for validated members of an STG. To the extent that Johnson requests removal of a validated gang status from his record, that action has already occurred. His request is therefore moot and the request for injunctive relief will be denied.

By separate order which follows, the Clerk is directed to amend the caption of this case to include the additional defendants named in Johnson's supplemental complaint and service of the complaint shall move forward.

3/11/20
Date

/s/ CCB
Catherine C. Blake
United States District Judge