# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

RODERICK JOHNSON,

   Plaintiff,

v.

DENISE MORGAN,
SPENCER HARE,
LT. EDWARD C. BLAKE,
CAPTAIN BERNS,
OFFICER HOLLIS,
LT. JASON DERR,

   Defendants.

Civil Action No.: CCB-19-3035

## MEMORANDUM

Pending in the above-entitled civil rights case is plaintiff's motion for summary judgment (ECF 27) and defendants' motion to dismiss or in the alternative for summary judgment (ECF 31). Plaintiff has opposed the defendants' motion. ECF 33.[1] There is no need for a hearing in this matter. *See* Local Rule 105.6 (D. Md. 2021). For the reasons which follow, defendants' motion to dismiss or for summary judgment, construed as a motion to dismiss, shall be granted and plaintiff's motion for summary judgment shall be denied.

## Background

Plaintiff Roderick Johnson filed his complaint pursuant to 42 U.S.C. § 1983 on October 15, 2019. ECF 1. At that time, Johnson was incarcerated in Eastern Correctional Institution (ECI) in Westover, Maryland.[2] Johnson alleged in a letter to this court that he was being held in a housing unit where members of the Black Guerilla Family (BGF) were housed despite development of

---

[1]     The docket labels this opposition (ECF 33) as a "motion to dismiss." The Clerk will be instructed to correct the docket to label ECF 33 as a response to the defendants' motion to dismiss.

[2]     Johnson was released from confinement on February 11, 2021. ECF 30; ECF 31-2 at 1, ¶ 3.

facts in a prior case that Johnson had been violently assaulted by members of that gang. *Id., see also Johnson v. Morgan, et al.*, Civ. Action CCB-18-78 (D. Md. 2018). Because Johnson alleged that his safety was endangered by the housing assignment, this court required counsel for the Division of Correction (DOC) to show cause why this court should not grant preliminary injunctive relief for Johnson. ECF 2. In the same order Johnson was directed to supplement his complaint with the names of individual correctional staff alleged to be responsible for failing to remove him from the problematic housing unit. *Id*. at 2.

In his supplemental complaint Johnson named as defendants Lt. Blake, Capt. Berns, Lt. Derr, and Officer Hollis who are correctional staff assigned to ECI. ECF 9 at 1. Johnson explained that it was known by defendants that he was transferred to ECI on July 6, 2016, because he was a victim of a stabbing by a member of the BGF. *Id*. at 3. He claims that he was nevertheless assigned to housing unit 7, which Johnson describes as "BGF Row," by Ms. Claudette Todman. *Id*. Because he feared for his life, Johnson wrote a letter to "intel" and placed it in the sick call box; eleven days later an officer had Johnson moved to administrative segregation, but on July 19, 2016, he was put back into general population in housing unit 3. *Id*. Johnson claims that no investigation took place and states that the tier he was placed on was supposed to be a designated housing unit for ex-gang members. *Id*.

Johnson states that he was "a suspect [in an] assault" on another inmate on August 15, 2016, but on September 20, 2016, he was cleared of any suspicion and was moved to housing unit 2. ECF 9 at 3. Johnson claims that this housing unit was the "BGF Row" and that he was moved there by intelligence officers as punishment because they felt he had gotten away with an assault. *Id*. Johnson filed an administrative remedy procedure complaint ("ARP"). *Id*.

In November 2016, Johnson spoke with Lt. Blake about his ARP. ECF 9 at 3. During that conversation, Johnson explained that he had been assaulted while at Roxbury Correctional Institution (RCI) by a member of the BGF and Lt. Blake agreed to move Johnson off "BGF Row" in exchange for Johnson withdrawing his ARP. *Id*. at 3-4. Johnson states that he was kept on the same tier and was moved to a cell "downstairs." *Id*. at 4. Johnson had no issues with the new cell assignment. *Id*.

According to Johnson, the "gang rows" were shut down at ECI in 2017, but in September 2019 the policy of housing gang members on the same housing unit tier was started again. ECF 9 at 4. Johnson was again put back on the BGF Row. *Id*. Johnson contacted both Captain Barnes and Lt. Blake regarding his housing assignment, but states he heard nothing back from either of them. *Id*.

On October 11, 2019, Officer Hollis came to speak with Johnson about an ARP (ECI-1497-19) Johnson had filed regarding his housing assignment. ECF 9 at 4. Johnson claims that Officer Hollis told him he could be moved to a different housing unit if he withdrew his ARP. *Id*. Although he withdrew his ARP, Johnson states he was not moved, prompting him to file the instant complaint with this court. *Id*.

Johnson claims that on October 22, 2019, he was called into Lt. Derr's office where Lt. Derr and Captain Berns let Johnson know they were aware of his pending lawsuit and this court's order to show cause why injunctive relief should not be granted and informed him that the only way he could be moved to a different housing unit was to sign a statement indicating he felt safe. ECF 9 at 4. Johnson states he wrote the statement because he wanted to be moved. *Id*. As of the date of his supplemental complaint, Johnson claimed he had not been moved. *Id*. at 5. He asserts that Captain Berns, Lt. Blake, Officer Hollis, and Lt. Derr "are playing games with

3

[his] safety." *Id*. He claims it is cruel and unusual punishment to force him to live with the people who stabbed him in the face and the neck in 2016, and that he has endured mental suffering, fear, and difficulty sleeping as a result. *Id.* at 5, 10. As relief, Johnson seeks monetary damages and removal of the STG flag from his record. *Id*. at 10.

Johnson filed a motion for summary judgment seeking judgment in his favor in the amount of $250,000 against Lt. Blake, Captain Berns, and Officer Hollis because they "sent . . . Johnson down [to] housing unit #1 [where] gang members (Murder Inc.) [are] housed." ECF 27. He states that the monetary damages are for compensation for "pain and suffering and emotional distress." *Id*.

Defendants assert in their motion to dismiss or for summary judgment that Johnson's complaint is barred by the applicable statute of limitations; he has failed to state a claim for failure to protect him from harm by another inmate; the complaint fails to satisfy minimum requirements for a claim as to all defendants; and this suit is barred by the doctrine of res judicata. ECF 31.

**Standard of Review**

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise the right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged

4

in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)). Although courts should construe pleadings of self-represented litigants liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Analysis**

The court reads Johnson's complaint to attempt to state a claim, pursuant to 42 U.S.C. § 1983, for deliberate indifference under the Eighth Amendment. The defendants have moved for dismissal, arguing that Johnson's claims are untimely and barred by the doctrine of res judicata, and that Johnson's claims fail on the merits. The court agrees that Johnson has failed to state a claim for relief under the Eighth Amendment and thus does not reach the defendants' arguments regarding the statute of limitations or res judicata.

The Eighth Amendment requires that prison officials protect inmates from violent attacks by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). To state an Eighth Amendment claim based on a failure to protect an inmate from violence, a plaintiff must allege (1) the actions of the defendants posed a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 837. A deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or upon fears of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996).

Rather, a plaintiff must establish that the defendant exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressley v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987).

Additionally, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]" 42 U.S.C § 1997e(e). This provision has been interpreted to bar claims for compensatory damages based solely on mental and emotional injuries suffered in the absence of an underlying physical injury, but to allow claims for nominal or punitive damages, or for injunctive or declaratory relief—since those claims would not necessarily be "for mental or emotional injury." *See Wilcox v. Brown*, 877 F.3d 161, 169–70 (4th Cir. 2017); *Jones v. Price*, 696 F. Supp. 2d 618, 625 (N.D.W. Va. 2010).

Johnson seeks damages only for mental suffering: his complaint states that he "should be compensated for his mental issue (sic) [and] suffering because it's hard to sleep[.]" ECF 9 at 10. He does not ask for nominal or punitive damages. Johnson's compensatory damages do not arise from allegations that he has been attacked or physically injured by any inmates as a result of the defendants' indifference; instead, the gravamen of his complaint is that his placement in a housing unit with members of BGF posed a risk of physical injury. Therefore, even assuming *both* that his fears are specific enough to satisfy the first element of an Eighth Amendment claim *and* that the defendants were each deliberately indifferent to the specific risks he identifies, in the absence of any physical injury, Johnson's claim for compensatory damages must be dismissed.

Of the remedies Johnson seeks, the only one not precluded by 42 U.S.C. § 1997e(e) is his request for equitable relief. Johnson requests a new housing assignment and for prison officials to unflag his BGF status. Yet because Johnson was released from prison on February 11, 2021, (*see* ECF 30; ECF 31-2 at ¶ 3), these requests are moot. *See Rendelman v. Rouse*, 569 F.3d 182, 186

(4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Accordingly, the court will dismiss Johnson's complaint and deny Johnson's motion for summary judgment.

## Conclusion

For the reasons stated herein, defendants' motion to dismiss or for summary judgment, construed as a motion to dismiss, shall be granted and Johnson's motion for summary judgment shall be denied by separate order which follows.

 7/13/21  
Date

/S/  
Catherine C. Blake  
United States District Judge